NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

EMANUEL DE CASTRO, PETITIONER, v. MUNDET CORK CORPORATION, RESPONDENT.

Decided August 6, 1940.

For the petitioner, *Meyer Linnick* (by *John A. Laird*).

For the respondent, *George E. Meredith* (by *Walter W. Hubley, Jr.*).

\*       \*       \*       \*   .   \*       \*       \*

At the time of the hearing it was stipulated and agreed between the parties that this matter should be submitted to the court on the question of liability, *i. e.,* whether or not the petitioner met with an accident arising out of and in the course of his employment.

The petitioner was called and testified in his own behalf. He testified that he was employed by the respondent in this case as a fireman; that he had worked in this capacity for the respondent for several years; that on October 23d, 1939, he was working on the night shift, his work commencing at eleven P. M.; that he had reported on the job and after doing some of his work incidental to the operation of his engines he had become somewhat ill at his stomach and had left his place of employment to go to a nearby lunch wagon or restaurant for a cup of coffee; that he had made his way from the boiler room to the yard of the plant and out of the gate of the fence surrounding the premises onto the public sidewalk; that he had walked down same for some little distance and then had proceeded to cross highway No. 29; that the approximate distance he had to cover in going from his place of work to the highway was 150 feet; that when he was almost across the highway he had been struck by a passing automobile; that a period of incapacity had followed the accident; that he had then returned to work and is now employed by the same employer.

On cross-examination the petitioner was confronted with a signed statement which he admitted, in which statement it appeared that the petitioner had stated that he was leaving the place of employment in order to go for some coffee and a sandwich as he had not brought any lunch with him on the night in question. Some effort was made on the part of the petitioner to explain this part of the statement. On cross-examination the petitioner also stated that, while it did not appear in his statement, he had advised his employer that he had left the place of employment because he had felt sick at his stomach. The petitioner also admitted that he had only left his place of employment during working hours on one or two other occasions during his period of employment with the respondent.

The respondent called as its witnesses the petitioner's foreman and the master mechanic in charge of the plant. Both of these witnesses described the petitioner's occupation; his period of employment; his hours of employment; and from the testimony of one of these witnesses the distance from

the petitioner's place of employment to the point of accident was explained; this witness pointing out that in order for the petitioner to get from his point of work to the point of accident he would have to walk out of the plant, through the yard of the plant, leaving the plant premises through a gate and going onto the public sidewalk, and from there walking down the public thoroughfare, a distance of several blocks at least, to the point where he crossed the highway toward the lunch wagon, the entire distance being a considerably greater extent than that testified to by the petitioner. Both of these witnesses also denied that at the time of their first conversation with the petitioner he had said anything to them at all relative to his leaving his place of employment in order to get coffee to aid a sick stomach. The respondent also called as its witness Mr. Trout, investigator for the insurance carrier of the respondent. This witness testified relative to the statement obtained from the petitioner.

The respondent offered into evidence the statement of the petitioner.

The petitioner called as rebuttal witnesses two fellow employes, who were working with him at the time of the occurrence.

There is only one question presented to this court: Did the accident suffered by the petitioner arise out of and in the course of his employment? It is elementary that in order that the petitioner may recover from his employer both of these elements must be met. It is also elementary that the burden of proof is placed upon the petitioner.

In a trial of a case such as we have before us the credibility of the witnesses is of prime importance. To weigh the credibility from the testimony, observation, attitude and demeanor of the witnesses is one of the most important tasks confronting the court in such cases. In the present case this court seriously questions the credibility of the petitioner and his two lay witnesses. On the other hand the witnesses called on behalf of the respondent appeared to be very credible and more than willing to furnish the court with all of the facts in their possession.

In addition to this court's doubt as to the weight of the testimony produced by the petitioner this court is also of the opinion that if all credence is given to the story of the petitioner and his witnesses, nevertheless the petition must be dismissed. This court cannot find that the accident suffered by the petitioner arose out of and in the course of his employment, even if this court believes that the petitioner left his place of employment to procure coffee for a sick stomach and in doing so walked on a public thoroughfare and across a state highway and was struck by a passing automobile. This court still feels that the petition must be dismissed. I cannot find that the accident suffered by the petitioner arose out of and in the course of his employment. It clearly appears that the employment was abandoned even though said abandonment might have been only temporary as intimated by the petitioner. While it may have been his intention to have returned to his employment after having procured coffee and a sandwich at the lunch wagon, nevertheless it would be only sheer speculation to assume that the petitioner would have, or could have, carried out his alleged intention. Looking at this case from the most favorable angle to the petitioner this court cannot find for the petitioner. In addition, as hereinbefore mentioned, this court was not at all satisfied with the credibility of the petitioner's case. The petition must be dismissed.

\*      \*      \*      \*      \*      \*      \*

JOHN C. WEGNER,
*Deputy Commissioner.*